# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00363-MR

| | |
|---|---|
| CHRISTOPHER LEE MICHELSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| QUINTIN MILLER, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 7].

**I. BACKGROUND**

The *pro se* Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at the Buncombe County Detention Facility (BCDF).[1] The Plaintiff names as Defendants Quentin Miller, the Sheriff of Buncombe County (identified as "Quintin Miller" in the Complaint), and FNU Short, a detention officer at BCDF.

The Plaintiff alleges that, on November 5, 2020, he was using a cart to collect lunch trays when Defendant Short opened cell 18 from his desk. The

---
[1] The Plaintiff is no longer incarcerated.

Plaintiff alleges that this was contrary to protocol because the inmate in cell 18 was a dangerous inmate on "lockback" who was not allowed to exit his cell. [Doc. 1 at 4]. The Plaintiff alleges that the inmate charged out of cell 18 and appeared to head towards an inmate at whom he had been yelling that morning. [Id.]. The Plaintiff alleges that Defendant Short ran out in an attempt to stop the inmate from cell 18, however, the inmate ran straight into the food cart where the Plaintiff was leaning down to stack empty trays, causing the cart to fall on the Plaintiff. [Id. at 4-5].

The Plaintiff alleges that the back of his lower leg was cut and badly bruised by the cart. [Id. at 5]. The Plaintiff's injuries were treated with disinfectant spray and a band-aid. [Id.]. The treating nurse told the Plaintiff that the injury was going to bruise. [Id.].

The Plaintiff alleges that Defendant Short had a "deliberately indifferent state of mind" and disregarded a substantial risk of harm when he opened cell 18. [Id. at 4]. The Plaintiff further alleges that Defendant Miller knew that the BCDF training program was inadequate and posed a substantial risk of serious harm from "officers not following protocol," and that the Plaintiff was injured as a result of this inadequate training. [Id.].

The Plaintiff seeks declaratory judgment, injunctive relief, and punitive damages. [Id.].

2

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, the Complaint refers to individuals who are not named as Defendants. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Any allegations against these individuals are nullities. See,.e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the complaint but who were served). Therefore, to the extent that the Plaintiff intended to assert claims against these individuals, they are dismissed without prejudice.

The Eighth Amendment[2] imposes on prison officials a duty to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 588 (1st Cir. 1988)). To obtain relief under § 1983 on a claim of failure to protect, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the prison

---

[2] Because Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See, e.g., Mays v. Sprinkle, 992 F.3d 295 (4th Cir. 2021); Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001); Grayson v. Peed, 195 F.3d 692 (4th Cir. 1999); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

official had a deliberately indifferent state of mind. "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)); see generally Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (negligent failure to protect a prisoner from another inmate cannot support a § 1983 claim).

The Plaintiff alleges only that Defendant Short failed to follow protocol by opening cell 18 from his desk. However, a policy violation standing alone does not state a § 1983 claim. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). While the Plaintiff alleges that Defendant Short acted with deliberate indifference, this conclusory allegation is insufficient. The Plaintiff has failed to allege any facts that would plausibly suggest that Defendant Short knew of, and deliberately disregarded, a substantial risk of serious harm to the Plaintiff. At most, the Plaintiff's allegations suggest an act of negligence, which is insufficient to support a § 1983 claim. See Davidson, 474 U.S. at 347-48. Therefore, the deliberate indifference claim against Defendant Short is dismissed.

The Plaintiff further alleges that Defendant Miller failed to properly train Defendant Short.  A supervisor may be liable for failure to adequately train or supervise if he had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; that the supervisor's response to that knowledge was deliberately indifferent to, or tacitly authorized the alleged offensive practices; and that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  See King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Because the Plaintiff has failed to state a deliberate indifference claim against Defendant Short, his supervisory claim against Defendant Miller for failing to adequately train and supervise Defendant Short thus necessarily fails.  See generally Waybright v. Frederick Co, Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.").  Therefore, the claim against Defendant Miller will be dismissed.

Moreover, the Court notes that the Plaintiff's requests for declaratory and injunctive relief are moot, as the Plaintiff is no longer incarcerated at

BCDF and the conditions of which he presently complains appear to be unlikely to recur.  See <u>Williams v. Griffin</u>, 952 F.2d 820 (4th Cir. 1991); <u>Taylor v. Rogers</u>, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant, and therefore, the Complaint will be dismissed.  The Court will allow the Plaintiff thirty (30) days to amend the Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted.[3]  Should the Plaintiff fail to timely amend the Complaint, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS, THEREFORE, ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Plaintiff shall have **thirty (30) days** in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

Signed: May 31, 2021

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge

---

[3] Blank complaint forms are available on the Court's website at https://www.uscourts.gov/forms/civil-pro-se-forms.